UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

CHRISTIAN MADERA,

: Criminal No. 3:CR-17-298
:
:(JUDGE MARIANI)
:

## MEMORANDUM OPINION

Defendant Christian Madera, ("Defendant" "Madera") filed nine pretrial motions which are ripe for disposition: 1) Motion for Disclosure Pursuant to Federal Rule of Evidence 807 (Doc. 240); 2) Motion Pursuant to Rules 404(b) and 609 for Disclosure (Doc. 243); 3) Motion for Severance (Doc. 2 246); 4) Motion for Starks Hearing to Preclude Use of Audio Recordings at Trial (Doc. 249); 5) Motion for Rule 16(a)(1)(G) Disclosure (Doc. 252); 6) Motion for Hearing on Admissibility of Statements of Alleged Co-Conspirators (Doc. 254); 7) Motion to Produce Memorializing of Government Interviews (Doc. 257); 8) Motion for Pretrial Disclosure of Evidentiary Information (Doc. 260); and 9) Motion for Early Disclosure of Statements Pursuant to the Jencks Act and Federal Rules of Criminal Procedure (Doc. 262). The Government's Omnibus Response to Defense Pre-Trial Motions (Doc. 278) addressed each motion.

## I. BACKGROUND

On October 3, 2017, a federal Grand Jury sitting in Scranton, Pennsylvania, returned an Indictment charging Christian Madera and others with conspiracy to manufacture, distribute, and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. (Doc. 1 at 1-2.) Others charged in the Indictment are Jose Luis Gonzalez, Sr., Jose Luis Gonzalez, Jr., Joevaney Gonzalez, Carlos Roman, Alfredo Roman, Carlos Santurtan-Teran, and Nelson Martin. (*Id.*)

## II. PENDING MOTIONS

The following pending motions mirror those previously filed by of co-defendants: 1) Motion for Disclosure Pursuant to Federal Rule of Evidence 807 (Doc. 240); 2) Motion Pursuant to Rules 404(b) and 609 for Disclosure (Doc. 243); 3) Motion for Rule 16(a)(1)(G) Disclosure (Doc. 252); and 4) Motion for Hearing on Admissibility of Statements of Alleged Co-Conspirators (Doc. 254). The Court has previously considered the issues raised in these motions and found them to be without merit. (*See* Docs. re Joevaney & Sr.) Because Defendant raises no distinct grounds for relief requested, the Court will deny the identified motions for the reasons previously discussed. (*Id.*)

Defendant's Motion for Pretrial Disclosure of Evidentiary Information (Doc. 260) will be deemed withdrawn for failure to file a supporting brief pursuant to Local Rule 7.5 of the Local Rules of Court of the Middle District of Pennsylvania.

The following motions will be reviewed *de novo*: 1) Motion for Severance (Doc. 246);

2) Motion for Starks Hearing to Preclude Use of Audio Recordings at Trial (Doc. 249); 3) Motion to Produce Memorializing of Government Interviews (Doc. 257); and 4) Motion for Early Disclosure of Statements Pursuant to the Jencks Act and Federal Rules of Criminal Procedure (Doc. 262).

A. **Motion for Severance**

With his Motion for Severance (Doc. 246), Defendant asserts that his trial should be severed from that of his co-defendants for three reasons: he may be denied access to exculpatory testimony of his co-defendants; the jury is likely to find him guilty by association; and there may be problems with statements made by co-defendants pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). (Doc. 248 at 2.) The Government responds that these concerns are unsubstantiated and do not meet the burden Defendant must establish to warrant severance. (Doc. 278 at 3.) The Court concludes Defendant has not shown that severance is warranted.

Rule 14 of the Federal Rules of Criminal Procedure provides in pertinent part "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). As explained by the Court of Appeals of the Third Circuit,

> [p]ermitting courts to "provide any other relief that justice requires" affords great latitude to trial courts to craft remedies that fit the circumstances of each

3

case. *Id.* "Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538–39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (citation omitted). As a result, we require "[d]efendants seeking a severance [to] bear a heavy burden and ... demonstrate not only that the court would abuse its discretion if it denied severance, but also that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (internal quotation marks omitted).

*United States v. Brown*, 849 F.3d 87, 92 (3d Cir. 2017).

Here Defendant has not made the requisite showing in that he provides merely conjecture and conclusory statements regarding the denial of access to co-defendant exculpatory statements, guilt by association, and potential *Bruton* problems. (See Doc. 248 at 2-4.) As to the *Bruton* issue, the Government notes that if, in the course of pretrial preparation, it identifies "any co-defendant statement that gives rise to a potential *Bruton* issue, it can notify defense counsel and apply appropriate redactions in advance of trial." (Doc. 278 at 6 (citing *Richardson v. Marsh*, 481 U.S. 200 (1987) (finding redaction adequate to protect defendant)).) In that Defendant did not file a reply brief, he did not contest the validity of this approach. At this stage of the proceedings, the Court is satisfied that this will address concerns related to co-defendant statements.

Because Defendant has not satisfied his burden of demonstrating that the Court would abuse its discretion if it denies severance, the Court will deny Defendant's motion.

B.   **Motion for Starks Hearing to Preclude Use of Audio Recordings at Trial**

With his Motion for Starks Hearing to Preclude Use of Audio Recordings at Trial (Doc. 249), Defendant asserts that "the burden is on the Government to produce 'clear and convincing evidence of authenticity and accuracy as a foundation for such recordings.'" (Doc. 251 at 1 (quoting *United States v. Starks*, 515 F.2d 112 (3d Cir. 1975)).) Specifically, Defendant states that "[i]n this case, the audio contains primarily Spanish speakers with a mix of English words as well as, [sic] tangled exchanges between speakers making it difficult to differentiate which words are spoken by which speaker." (Doc. 251 at 3.) The Government responds that no *Starks* hearing is necessary given the circumstances of this case. (Doc. 278 at 7.) The Court concludes Defendant has not shown the need for a *Starks* hearing.

In *United States v. Credico*, 718 F. App'x 116 (3d Cir. 2017) (not precedential), the Circuit Court explained

> [i]n *Starks*, we recognized the risks inherent in the use of tape recordings, which are "peculiarly susceptible of alteration, tampering, and selective editing," and held therefore that the Government must "produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings." *United States v. Starks*, 515 F.2d 112, 121 (3d Cir. 1975) (quoting *United States v. Knohl*, 379 F.2d 427, 440 (2d Cir. 1967)). In so doing, we noted with approval a seven-part test for establishing such a foundation, but were explicit that we did not intend to establish "a uniform standard equally applicable to all cases." *Id.* We instead explained that, within reason, whether the "proof of facts creat[es] a sufficient foundation for the admission of a tape recording is a matter to be decided by the trial court." *Id.*

718 F. App'x at 119. *Starks* identified the following relevant facts:

5

> "(1) That the recording device was capable of taking the conversation now offered in evidence.
> (2) That the operator of the device was competent to operate the device.
> (3) That the recording is authentic and correct.
> (4) That changes, additions or deletions have not been made in the recording.
> (5) That the recording had been preserved in a manner that is shown to the court.
> (6) That the speakers are identified.
> (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement."

515 F.2d at121 n.11 (quoting *United States v. McKeever*, 169 F. Supp. 426, 430 (S.D.N.Y.1958)).

Shortly after the Third Circuit issued the *Starks* opinion, the Federal Rules of Evidence went into effect. Federal Rule of Evidence 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *United States v. Bankoff*, No. CR.A. 07-185, 2008 WL 638236, at *2 (E.D. Pa. Mar. 7, 2008). Argument has been made that this lesser standard supercedes the standard set forth in *Starks*. *Id*. *Bankoff* notes that courts within the Third Circuit have addressed the apparent conflict and some have applied the higher *Starks* standard. *Id*.

"Many courts have found *Starks*' application less critical in light of Federal Rule of Evidence 901." *United States v. Davis*, No. CR 18-270, 2018 WL 6524240, at *8 (E.D. Pa. Dec. 12, 2018) (citing *United States v. Tahn Le*, 542 F. App'x 108, 117 n.9 (3d Cir. 2013) (Rendell, J.) ("It is unclear whether *Starks* remains relevant after the enactment of Fed. R. Evid. 901."); *United States v. Kaboni*, No. 07-550-03, 2013 WL 420334, at *2 n.5 (E.D. Pa.

Feb. 4, 2013) ("There has been uncertainty as to whether Congress' adoption of the Federal Rules of Evidence and, specifically Rule 901, abrogated *Starks*.")). However, the Circuit Court continues to reference the *Starks* factors in the consideration of the admissibility of audio recordings. *See, e.g., Flood v. Schaefer*, 654 F. App'x 130, 133 (3d Cir. 2018) (not precedential). Therefore, this Court will consider the *Starks* factors but, as advised by *Credico*, 718 F. App'x at 119, the Court will not apply them as a rigid standard. Further, the Court will determine "whether the proof of facts creates a sufficient foundation for the admission of a tape recording," using the burden of proof for authentication generally.[1]

---

[1] Because Defendant raises the issue of voice identification (Doc. 278 at 3), the Court notes that Rule 901(b)(5) states that "[a]n opinion identifying a person's voice--whether heard firsthand or through mechanical or electronic transmission or recording--based on hearing the voice at any time under circumstances that connect it with the alleged speaker" satisfies the requirement of 901(a) that the requirement of authentication is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims."

> Several Courts of Appeals have concluded that the government's burden in identifying the speaker in recorded conversations is relatively minimal. *See United States v. Bush*, 405 F.3d 909, 919 (10th Cir.2005) ("Such voice identification need only to rise to the level of minimal familiarity."); *United States v. Plunk*, 153 F.3d 1011, 1023 (9th Cir.1998) ("Rule 901(b)(5) establishes a low threshold for voice identifications offered to determine the admissibility of recorded conversations."). "Any person may identify a speaker's voice if he has heard the voice at any time." *United States v. Cerone*, 830 F.2d 938, 949 (8th Cir.1987).

*United States v. Stills*, No. CRIM A. 04-680-03, 2006 WL 1737496, at *2 (E.D. Pa. June 22, 2006), *aff'd sub nom. United States v. Rideout*, 437 F. App'x 83 (3d Cir. 2011), and *aff'd sub nom. United States v. Davis*, 437 F. App'x 86 (3d Cir. 2011); *see also United States v. Pelker*, , 2019 WL 2160465, at *18 (M.D. Pa. May 17, 2019) (citing *United States v. Stills*, 2006 WL 1737496, at *2 ("Courts have characterized the Government's burden in identifying the speaker in recorded conversations" as relatively minimal.")

Defendant's only specific averment in this motion is that noted above concerning "tangled exchanges among speakers." (Doc. 251 at 3.) Because he did not file a reply brief, Defendant has not refuted the Government's contention that, at trial, it will

> authenticate any audio recordings to be admitted into evidence via testimony of federal agents with direct knowledge of the telephone conversations. What is more, as the voice recordings were generated by equipment utilized by the DEA in the Title III investigation, Agents will be able to testify at trial as to the accuracy of the equipment and integrity of the recordings.

(Doc. 278 at 7.) On this record, the Court cannot conclude that the Government will be unable to make the required showing at trial or that a *Starks* hearing is necessary to establish that the Government can meet its burden of admissibility by authenticating the audio tape evidence at issue. Therefore, the Court will deny Defendant's motion.

### C. Motion to Produce Memorializing of Government Interviews

With his Motion to Produce Memorializing of Government Interviews (Doc. 257), Defendant argues that Rule 16, the *Jencks* Act, and *Brady v. Maryland*, 373 U.S. 83 (1963), require "immediate disclosure" of items requested "in order that the defendant may fully and properly investigate and prepare for trial." (Doc. 259 at 2.) The Government responds that it abides by its obligations under Federal Rule of Criminal Procedure 16, the *Jencks* Act, and *Brady*. (Doc. 278 at 9.) Because Defendant provides no argument or evidence that the Government has not or does not intend to do so, the Court will deny this motion.

D.  **Motion for Early Disclosure of Statements Pursuant to the Jencks Act and Federal Rules of Criminal Procedure**

With his Motion for Early Disclosure of Statements Pursuant to the Jencks Act and Federal Rules of Criminal Procedure (Doc. 262), Defendant seeks an order directing early disclosure of certain materials thirty days before trial due to the anticipated volume of Jencks materials (*id.* ¶¶ 3, 5). The Government responds that Defendant has not made the required showing for early disclosure. (Doc. 278 at 10-13.) The Court agrees.

As stated by the Government,

> Rule 26.2 incorporates the *Jencks* Act into the Federal Rules of Criminal Procedure and limits discovery until after the witness has testified on direct examination. Likewise, Rule 16(a)(2) & (3) specifically exclude from pretrial discovery statements made by government witnesses or potential government witnesses, including grand jury testimony, except as provided under the Jencks Act. *United States v. Cook*, 530 F.2d 145 (7th Cir. 1976), *cert. denied*, 426 U.S. 909 (1977). The district court has the discretion, however, to order production of *Jencks* Act material before the witness testifies. *United States v. Blackburn*, 9 F.3d 353, 357-58 (5th Cir. 1993). A defendant's request must be sufficiently precise to identify the particular statements sought. *United States v. Sanchez-Gonzalez*, 294 F.3d 563, 568 (3rd Cir. 2002) (discovery properly denied because defendant failed to show with reasonable particularity that requested material existed). Requests are invalid if they are overly broad. *United States v. Pepe*, 747 F.2d 632, 657-58 (11th Cir. 1984) (*Jencks* Act request over-broad where government would have been forced to find and produce all statements that witness, a former participant in organized crime, ever made about organized crime and usury).

(Doc. 278 at 11-12.)

In his supporting brief, Defendant acknowledges that the Government is not required to turn over *Jencks* material before trial, but he states conclusorily that "the need to avoid undue surprise, too [sic] allow for the due process rights and rights to assistance of counsel

9

should provide rule flexibility and allow release before the start of trial." (Doc. 264 at 1-2.) Defendant also cites to the Government's general obligation under *Brady* to produce favorable material, but he does not allege that the Government has failed to do so. (Doc. 264 at 2 (citing *Brady v. Maryland* 373 U.S. 83).)

Based on the legal framework set out above, the Government states that Madera is not entitled to review prior testimony of government witnesses until the completion of their direct examination. (*Id.* at 12 (citing *United States v. Haire*, 371 F.3d 833, 841 (D.C. Cir. 2004) (statements made by cooperating defendants at trial not discoverable until witnesses testified on direct examination), *vacated on other grounds*, 543 U.S. 1109 (2005)).) Further, regarding witnesses who appeared before the grand jury but who will not be called upon to testify, the Government asserts that Madera has no right of access to such testimony. (*Id.* (citing *United States v. Schier*. 438 F.3d 1104, 1112 (11th Cir. 2006) (a defendant is not entitled to statements of non-testifying witnesses under the Jencks Act). Defendant has not refuted these assertions and the Court finds them to be consistent with governing legal principles. As noted by the Government, *Jencks* material "will be turned over to the defendants in the week prior to the commencement of trial" and Defendant has provided no "sufficiently precise" reason for the Court to order earlier disclosure of the material, *Sanchez-Gonzalez*, 294 F.3d at 568.

Regarding the Government's *Brady* production, the Government recognizes its ongoing obligation to disclose evidence favorable to Defendant.[2] Defendant has not provided any basis for the Court to conclude that the Government has not satisfied *Brady* requirements.

Because Defendant has not shown he is entitled to early *Jencks* disclosure or identified any *Brady* violation, he has provided no support for the pending motion. Therefore, the Court will deny Defendant's Motion for Early Disclosure of Statements Pursuant to the Jencks Act and Federal Rules of Criminal Procedure (Doc. 262).

## III. CONCLUSION

For the reasons set out above, Defendant's pretrial motions (Docs. 240, 243, 246, 249, 252, 254, 257, 260, and 262) will be DENIED. An appropriate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge

---

[2] The Government also notes its

> ongoing obligation to disclose evidence favorable to the accused pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (*Brady* violation occurs when: (1) withheld evidence is favorable to accused because it is exculpatory or impeaching, (2) evidence was suppressed by the government, either willfully or inadvertently; and (3) prejudice ensued).

(Doc. 278 at 12 n.2.)